No. 2--03--0677

_________________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, )

) 

v. ) No. 02--DT--1775

)

JAMES SYNNOTT, ) Honorable

) Peter J. Dockery,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Following a bench trial in the circuit court of Du Page County, defendant, James Synnott, was found not guilty of driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2002)), but was found guilty of speeding (625 ILCS 5/11--601(b) (West 2002)), failure to wear a seat belt (625 ILCS 5/12--603.1 (West 2002)), and obstructing a peace officer (720 ILCS 5/31--1 (West 2002)).  On appeal, defendant challenges his conviction of obstructing a peace officer, arguing that the charging instrument and the evidence of guilt were both insufficient because the State neither alleged nor proved that he committed a physical act.  We affirm.

The complaint charging obstructing a peace officer alleged that defendant "knowingly obstructed the performance of Kevin Driscoll Sr. of an authorized act within his official capacity, being the investigation of a potential intoxicated driver, knowing Kevin Driscoll Sr. to be a peace officer engaged in the execution of his official duties, in that he repeatedly refused to exit the car he was driving when ordered by Kevin Driscoll Sr. to do so."

At trial, Officer Driscoll testified that he stopped defendant's vehicle after observing it traveling  about 20 miles per hour over the posted speed limit.  Officer Driscoll noticed indicia of  intoxication.  After obtaining defendant's driver's license and evidence of insurance, Officer Driscoll asked defendant to shut off his vehicle's engine and then walked back toward his squad car.  Defendant did not comply, and Officer Driscoll returned to defendant's vehicle and repeated the request and asked defendant "if he would prefer to sit on the curb."  According to Officer Driscoll, the following exchange ensued:

"He then asked me if he was under arrest, and I asked him if he would prefer that.  He said no.

I asked him again then to shut off the engine.  He shut off the engine.  I thanked him and walked back to my car."

Officer Driscoll then summoned assistance, returned to defendant's vehicle, and asked defendant to step out of the car.  Defendant again asked if he was under arrest.  Officer Driscoll replied, "no, you are not under arrest, but I need you to step out of the car."  Defendant protested that his lawyer had told him "to never get out of the car."  Officer Driscoll advised defendant that he had a right to ask him to step out of the car and that defendant had no right to refuse.  Defendant again cited his lawyer's advice and refused to step out of the car.  Once more, Officer Driscoll asked defendant to step out of the vehicle and warned him that if he refused he would be arrested for obstructing a police officer.  Defendant then grabbed the steering wheel with both hands.  On direct examination, Officer Driscoll testified, "I then grabbed him by the left arm and started pulling on him; and within a matter of seconds, he let go of the steering wheel and exited the car."  However, on cross-examination, Officer Driscoll testified that defendant exited the vehicle within a "split second" after he grabbed defendant's arm.

In finding defendant guilty of obstructing a peace officer, the trial court stated as follows:

"[T]he officer four times told the defendant to exit the vehicle, the defendant repeatedly refused to do so.  He grasped the steering wheel firmly at one point in an obvious indication he was refusing to leave the vehicle and after four occasions did not remove himself, and then momentarily did not comply with the officer pulling his arm; although he then immediately did comply.

I believe that this many times refusing to comply with the officer's instructions does constitute the knowing instruction [
sic
] of the officer's performance of a duty, that is the instruction to step out [
sic
] the vehicle when the defendant was lawfully detained for a traffic violation and subject to being so directed by the officer to step out of the vehicle."

The trial court sentenced defendant to a one-year term of conditional discharge.  The trial court denied defendant's posttrial motion, and this appeal followed.

Defendant argues that a conviction of obstructing a peace officer requires proof of a physical  act and that merely refusing to comply with an officer's orders does not constitute obstruction.  Accordingly, defendant contends that both the allegations of the charging instrument and the State's evidence of guilt were insufficient to sustain his conviction.

Section 31--1(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/31--1(a) (West 2002)) provides that "[a] person who knowingly resists or obstructs the performance by one known to the person to be a peace officer *** of any authorized act within his official capacity commits a Class A misdemeanor."  In 
People v. Raby
, 40 Ill. 2d 392 (1968), the court observed that:

" ' "Resisting" or "resistance" means "withstanding the force or effect of " or the "exertion of oneself to counteract or defeat".  "Obstruct" means "to be or come in the way of".  These terms are alike in that they imply some physical act or exertion.  Given a reasonable and natural construction, these terms do not proscribe mere argument with a policeman about the validity of an arrest or other police action, but proscribe only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, such as going limp, forcefully resisting arrest or physically aiding a third party to avoid arrest.' "  
Raby
, 40 Ill. 2d at 399, quoting 
Landry v. Daley
, 280 F. Supp. 938, 959 (N.D. Ill. 1968).

In 
Raby
, the defendant's conviction was upheld where he went limp when the police arrested him for disorderly conduct.  

A number of cases have dealt with the refusal to obey various types of police orders.  It has been held that refusing to identify oneself or falsely identifying oneself in connection with a criminal matter does not constitute resistance or obstruction.  See 
People v. Ramirez
, 151 Ill. App. 3d 731, 735 (1986); 
People v. Weathington
, 76 Ill. App. 3d 173, 174-75 (1979).  On the other hand, this court has held that a person named in a civil subpoena is obligated to identify himself to an officer attempting to serve the subpoena and can be prosecuted for obstruction if he fails to do so.  
Migliore v. County of Winnebago
, 24 Ill. App. 3d 799, 802-03 (1974).  

Migliore
 cited 
City of Chicago v. Meyer
, 44 Ill. 2d 1 (1969), for the proposition that "[a] citizen may be found guilty of resisting or obstructing a police officer in the performance of his duty merely by stating that he will not move on when requested to do so by a police officer."  
Migliore
, 24 Ill. App. 3d at 802.  In 
Meyer
, police ordered Vietnam war protesters and supporters to disperse when the police had become unable to maintain order among opposing factions and "the debate was degenerating to one of physical battle."  
Meyer
, 44 Ill. 2d at 6.  The defendant was arrested for disobeying the order and was prosecuted under an ordinance imposing a fine on " '[a]ny person who shall resist any officer of the police department in the discharge of his duties, or shall in any way interfere with or hinder or prevent him from discharging his duty as such officer.' "  
Meyer
, 44 Ill. 2d at 5.  Our supreme court held that "defendant was properly convicted of interfering with the police in the discharge of their duty to maintain order."  
Meyer
, 44 Ill. 2d at 6.

In contrast, in 
People v. Stoudt
, 198 Ill. App. 3d 124 (1990), this court held that criminal complaints alleging that the defendants " 'knowingly refused *** to remove [themselves] from the 400 block of Lincoln Highway, De Kalb, De Kalb County, Illinois, after being instructed to do so by [a De Kalb police officer]' " did not charge the offense of resisting a peace officer.  Noting that the defendants allegedly refrained from any physical action, we held that there were no physical acts of resistance.  
Stoudt
, 198 Ill. App. 3d at 127.  We also noted that the complaints were deficient because they did not properly allege that the officer was engaged in an authorized act.  
Stoudt
, 198 Ill. App. 3d at 128.

In 
People v. Hilgenberg
, 223 Ill. App. 3d 286 (1991), numerous defendants were charged with obstructing a peace officer based on allegations that they refused to open the door of a private residence to an officer who sought to investigate a report of underage drinking.  Citing 
Stoudt
, this court stated that the defendants' inaction should not be deemed an act of physical resistance.  However, we identified another facet to the question of what behavior--be it an act or a failure or refusal to act--constitutes resisting or obstructing:

"The difficulty in determining whether action or inaction is punishable, we believe, stems at least in part from attempting to analyze the lawfulness of an action or inaction outside the context of the statute: the act of obstructing or resisting must be in response to an authorized act of the officer.  Certainly, the inaction of the occupants of a house or building, without more, has no legal significance.  On the other hand, a failure to respond to an officer's request to open a door or to permit entry to the premises only has legal significance if the request was authorized within his official capacity and the response of the defendant actually 
impeded
 an act the officer was authorized to perform."  (Emphasis in original.)  
Hilgenberg
, 223 Ill. App. 3d at 290.

Based on this reasoning, we held that no offense had been committed because the officer had authority to request to enter the premises but not to demand entry, and the occupants were within their rights in refusing to admit the officer.  Similarly, in 
People v. Cope
, 299 Ill. App. 3d 184 (1998), we relied on 
Hilgenberg
 in holding that a restaurant owner was not guilty of obstruction based on evidence that she refused to unlock the door to the restaurant for police officers seeking to take custody of a runaway teenager who had sought refuge inside the establishment. 

Having reviewed these cases, we do not believe that the distinction between acting and refraining from action is dispositive.  Although it is true that 
Raby
 spoke in terms of a "physical act" of obstruction or resistance, it is also true that in common usage in the criminal law context, the word "act" is used broadly and is understood to include "a failure or omission to take action" (720 ILCS 5/2--2 (West 2002)).  This reading is consistent with 
Raby
's definition of " 'obstruct[ion]' " as " '
to be
 or come in the way of.' "  (Emphasis added.)  
Raby
, 40 Ill. 2d at 399, quoting 
Landry
, 280 F. Supp. at 959.  Whereas "to ***come in the way of" connotes obstruction through motion, "to be *** in the way of" connotes, in contradistinction, obstruction by remaining stationary.  Moreover, 
Meyer
 teaches that merely refusing a police officer's lawful order to move can constitute interference with the officer in the discharge of his or her duty.  The words "interference" and "obstruction" are nearly synonymous (see Webster's Third New International Dictionary 1178 (1993)), and if the former may consist of inaction, we see no reason why the latter may not also.

Stoudt
 does not affect our conclusion because it merely dealt with the question of whether the refusal to move can constitute an act of 
resistance
.  We did not specifically consider the separate definition of obstruction, as was charged here.  Moreover, as seen, our subsequent cases, 
Hilgenberg
 and 
Cope
, have focused, not on whether the conduct charged was action or inaction, but on whether the officer was engaged in an authorized act and whether the defendant impeded that act.  We also cannot ignore the practical consequences of ruling differently.  If a civilian whose presence at a particular location impedes lawful police activity may refuse to move without fear of prosecution, confrontations with police are far more likely to achieve a physical dimension, substantially increasing the physical danger to both the officer and the civilian.  Certainly officers are authorized to use reasonable physical force if necessary, but it is clearly preferable to obtain compliance through the threat of criminal penalties.  Stated differently, it cannot be good policy to remove the only stick that the police have, other than the billy club itself,  to persuade such recalcitrant individuals.  Although defendant correctly notes that he might have been charged with failure to obey an order of a police officer under section 11--203 of the Illinois Vehicle Code (625 ILCS 5/11--203 (West 2002)), that fact does not eliminate these practical consequences of his interpretation of section 31--1(a) of the Code in situations outside the scope of the Illinois Vehicle Code. 

In view of the foregoing, we conclude that the complaint sufficiently charged the offense of obstructing a peace officer and that the State produced sufficient evidence to sustain a conviction of that offense.  As discussed, the complaint alleged that defendant knowingly obstructed the arresting officer's investigation of a possible crime (DUI) by repeatedly refusing to comply with the officer's order that defendant exit his vehicle.  Following a lawful traffic stop, the police may, as a matter of course, order the driver and the passengers out of the vehicle pending the completion of the stop without violating the protections of the fourth amendment.  
Maryland v. Wilson
, 519 U.S. 408, 137 L. Ed. 2d 41, 117 S. Ct. 882 (1997); 
People v. Gonzalez
, 184 Ill. 2d 402, 413-14 (1998).  The rule is based on considerations of officer safety.  It seems clear that any behavior that actually threatens an officer's safety or even places an officer in fear for his or her safety is a significant impediment to the officer's performance of his or her duties.  For these reasons, we cannot endorse the reasoning or result in the Fifth District's decision in 
People v. Flannigan
, 131 Ill. App. 2d 1059 (1971), heavily relied on by defendant, which dismissed a motorist's repeated refusal to emerge from his car after being placed under arrest as "at most an insubstantial display of antagonism or belligerence."  
Flannigan
, 131 Ill. App. 2d at 1063.  In our view, a meaningful threat of prosecution for the sort of noncooperation in 
Flannigan
 and the present case is necessary to reduce the likelihood of physical confrontations.  We therefore hold that the complaint was sufficient.

Turning to the sufficiency of the evidence, we note that a criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt.  
People v. Collins
, 106 Ill. 2d 237, 261 (1985).  In reviewing the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, 
any
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "  (Emphasis in original.)  
Collins
, 106 Ill. 2d at 261, quoting 
Jackson v. Virginia
, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).  For the reasons discussed above, the evidence that defendant repeatedly disobeyed the arresting officer's order to exit the vehicle is sufficient to sustain a conviction of obstructing a peace officer.  Defendant argues that  the evidence does not show that he was 
ordered
 to exit the vehicle.  According to defendant, the arresting officer merely requested that he step out of the vehicle.  The argument is meritless.  The arresting officer did not merely ask defendant to step out of the car.  He told defendant that he "needed" him to step out of the car, that defendant had no right to refuse the request, and that defendant would be arrested for obstructing a peace officer if he did not comply.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and GROMETER, JJ., concur.