No. 2--04--0930                                                    filed: 6/28/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) ) ) | Nos. 03--DT--789<br>03--TR--32245<br>03--TR--32246<br>03--TR--32247 |
| KEVIN A. STEELE, | ) ) | Honorable Gerald M. Zopp, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Defendant, Kevin A. Steele, was convicted of numerous traffic offenses in the circuit court of McHenry County, including operating an uninsured vehicle (625 ILCS 5/3--707 (West 2002)). On appeal, he contends that section 3--707 of the Illinois Vehicle Code (Code), which defines that offense, contains an unconstitutional mandatory presumption. See, e.g., People v. Watts, 181 Ill. 2d 133, 142-43 (1998). We disagree and therefore affirm.

The constitutionality of a statute presents a pure question of law; hence, review is de novo. People v. Miles, 344 Ill. App. 3d 315, 318 (2003). At issue here is the following provision of section 3--707 of the Code:

"Any person who fails to comply with a request by a law enforcement officer for display of evidence of insurance, as required under section 7--602 of this Code, shall

be deemed to be operating an uninsured motor vehicle." 625 ILCS 5/3--707 (West 2002). Section 3--707 goes on to state that a person who produces in court satisfactory evidence that the vehicle he or she was operating was insured at the time of the arrest may not be convicted of operating a vehicle without insurance. 625 ILCS 5/3--707 (West 2002).

According to defendant, these provisions have the effect of shifting the burden to him to produce evidence of his innocence. In defendant's words, "the failure to display proof of insurance cannot be equated automatically with the lack of insurance itself." The United States Supreme Court has held that mandatory rebuttable presumptions are unconstitutional in that they relieve the State of its burden of proving all elements of a crime beyond a reasonable doubt. Sandstrom v. Montana, 442 U.S. 510, 524, 61 L. Ed. 2d 39, 51, 99 S. Ct. 2450, 2459 (1979). Indeed, in People v. Pomykala, 203 Ill. 2d 198, 209 (2003), our own supreme court struck down a portion of the reckless homicide statute that provided that, "[i]n cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary," because it could be read as shifting the burden to a defendant to disprove that he or she had been reckless (720 ILCS 5/9--3(b) (2000)).

Similarly, in Watts, 181 Ill. 2d 133, the supreme court held unconstitutional a portion of the home repair fraud statute that required a defendant to disprove intent not to perform a contract where the State proved any of a number of predicate facts (815 ILCS 515/3(c) (West 1994)). The court explained:

"We agree that in the area of criminal law, mandatory rebuttable presumptions which shift the burden of production to the defendant are unconstitutional. A production-shifting presumption places a burden on the defendant to come forward with a certain quantum of evidence to

overcome the presumption. If the defendant does not satisfy that burden, the judge is required, in effect, to direct a verdict against the defendant on the element which is proved by the use of the presumption. This result conflicts with the longstanding rule that a verdict may not be constitutionally directed against a defendant in a criminal case. Citations. In sum, we agree with the commentator who noted that, since a verdict may not be directed against an accused, the burden of production with respect to an element of a crime may never be shifted to the defendant.' [Citation.] Therefore, we hold that such a presumption violates the due process clause of the United States Constitution for the reasons discussed above. These same reasons lead us to hold separately that a mandatory production-shifting presumption also violates the due process clause of the Illinois Constitution." Watts, 181 Ill. 2d at 147.

It is thus clear that shifting the burden of proof, whether it be of production or of persuasion, to a defendant in a criminal trial violates due process under both the state and federal constitutions.

However, given the particular features of this state's prohibition against driving an uninsured vehicle, we conclude that this principle is not offended in cases such as the present one. In interpreting a statute, courts have a duty to construe it in such a manner as to uphold its constitutionality, so long as the construction is reasonable. People v. Dinelli, 217 Ill. 2d 387, 398 (2005). Our primary goal in interpreting a statute is to determine the intent of the legislature. People v. Swift, 202 Ill. 2d 378, 385 (2002). Where the language of a statute is clear, we will not resort to further aids of construction. Swift, 202 Ill. 2d at 385. Finally, the party challenging a statute bears the burden of establishing that it is unconstitutional. People v. Dixon, 359 Ill. App. 3d 938, 942 (2005).

The difference between the instant case and cases like Pomykala and Watts is that the failure to display evidence of insurance when requested to do so by a law enforcement officer is the offense

of operating an uninsured motor vehicle. Section 7--602 of the Code states, in pertinent part, that "Any person who fails or refuses to comply with such a request is in violation of Section 3--707 of this Code." 625 ILCS 5/7--602 (West 2002). The plain language of this section indicates that the failure to produce proof of insurance is not simply evidence that a vehicle is uninsured, as the language of section 3--707 suggests. Because such a failure is an offense, the State need do no more than introduce such evidence in order to sustain a conviction. The burden, therefore, does not shift to a defendant to disprove his guilt. However, once the State introduces evidence that a defendant has failed to produce proof of insurance when required, the defendant may, as with any issue of fact, attempt to controvert the evidence that the State introduced.

What makes it appear as if the burden is actually being shifted is the saving provision through which an individual may avoid a conviction. That provision states that no person may be convicted of a violation of section 3--707 who produces sufficient proof of insurance in court. 625 ILCS 5/3--707 (West 2002). Thus, at a cursory glance, it appears that the burden of production shifts to a defendant to provide proof of insurance. Indeed, if simply failing to produce such proof when requested by a law enforcement officer were not an offense in itself, the fact of operating an uninsured vehicle would be presumed from the fact of not having produced proof of insurance at the necessary time. Given that documents may understandably be lost or mislaid, the nexus between these two facts is insufficient to satisfy the proof-beyond-a-reasonable-doubt standard. See County Court v. Allen, 442 U.S. 140, 167, 60 L. Ed. 2d 777, 798, 99 S. Ct. 2213, 2229-30 (1979) ("In the latter situation, since the prosecution bears the burden of establishing guilt, it may not rest its case entirely on a presumption unless the fact proved is sufficient to support the inference of guilt beyond a reasonable doubt"). However, because it is an offense, the burden does not shift to a defendant to prove that he or she did not fail to produce the appropriate documentation. What a defendant is

permitted to produce in court in no way controverts the fact that he or she did not previously produce it when requested.

Instead, the legislature has provided a mechanism to avoid conviction that is more accurately characterized as an act of grace than as a shifting of the burden of proof. It would be a harsh law indeed that imposed a substantial penalty upon a person who simply could not locate proof of insurance when asked to do so. We do not believe that, by providing a procedure to mitigate the law's potential harshness, the legislature has run afoul of the due process clause. After all, that clause must be applied with reference to common sense. *Deck v. Missouri*, 544 U.S. 622, 652, 161 L. Ed. 2d 953, 977, 125 S. Ct. 2007, 2026 2005 Thomas, J., dissenting, joined by Scalia, J. We should not forsake common sense in determining what due process requires *Burnham v. Superior Court*, 495 U.S. 604, 628, 109 L. Ed. 2d 631, 650, 110 S. Ct. 2105, 2119-20 1990 White, J., concurring in part and concurring in the judgment There has been no showing here or elsewhere that as a general proposition the rule is so arbitrary and lacking in common sense in so many instances that it should be held violative of due process in every case *People v. Taylor*, 138 Ill. 2d 204, 217 1990 ("To require the General Assembly to define each element of an offense, even though the common meaning of the terms themselves defines the criminal offense with sufficient certainty that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement, would place upon that branch of government a burden not required by the due process provisions of the Federal and State Constitutions or by common sense"). Holding that it was within the power of the legislature to make failing to produce proof of insurance an offense, but that it was beyond its power to alleviate the potential harshness of that law, would, quite simply, be absurd.

Accordingly, we hold that section 3--707 of the Code is not constitutionally infirm.

Defendant's conviction under that section is therefore affirmed.

Affirmed.

BOWMAN and CALLUM, JJ., concur.