NO. 5-08-0370

NOTICE

Decision filed 09/10/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Johnson County. |
| | ) |
| v. | ) No. 07-CM-94 |
| | ) |
| STEVEN BOHANNON, | ) Honorable |
| | ) Charles C. Cavaness, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Steven Bohannon, was charged with obstructing a peace officer under the Criminal Code of 1961 (720 ILCS 5/31-1 (West 2006)) in the circuit court of Johnson County. The circuit court dismissed the charge. On appeal, the State contends that the dismissal was improper. We affirm.

FACTS

According to reports of the Vienna police department, defendant was driving his vehicle alone, when he was stopped at a random roadside safety checkpoint. Upon stopping, Vienna Police Chief Jim Miller asked defendant to produce a driver's license and proof of insurance. Defendant refused. Chief Miller and other officers asked again and defendant again refused. Defendant was arrested after telling the officers that he would not produce the documents and that they would have to arrest him.

Defendant was placed under arrest and charged by information with obstructing a peace officer (720 ILCS 5/31-1 (West 2006)). The amended information stated as follows:

"That on or about the 3rd day of July, 2007, in Johnson County, Illinois, the

1

[d]efendant, **STEVEN S. BOHANNON**, committed the offense of **OBSTRUCTING A POLICE OFFICER**, in violation of [section 31-1 of the Criminal Code of 1961 (720 ILCS 5/31-1 (West 2006))], in that said [d]efendant knowingly resisted the performance of [Vienna Police Chief] Jim Miller, a person known by the [d]efendant to be a peace officer, of an authorized act within [Vienna Police Chief] Jim Miller's capacity, namely the investigation of the [d]efendant's Illinois driver's license and liability insurance coverage status, in that the [d]efendant refused to provide [Vienna Police Chief] Jim Miller with a valid Illinois driver's license and proof of liability insurance after [Vienna Police Chief] Jim Miller repeatedly asked the [d]efendant to provide [Vienna Police Chief] Jim Miller with a valid Illinois driver's license and proof of liability insurance coverage."

Although the narrative of the police reports indicates that defendant was issued traffic citations for the failure to display his driver's license and proof of insurance, the record before this court does not contain any such citations or order of disposition on any traffic offense.

The trial court dismissed the charge of obstruction on the motion of defendant. The court noted that the allegations did not involve issues of officer safety or refusal to exit a vehicle. The court found that the alleged conduct more closely resembled a refusal to answer questions of a police officer than a physical act. The court ruled that the mere refusal to provide a driver's license and proof of insurance did not constitute obstruction of a peace officer.

The trial court denied the State's motion to reconsider and the State appealed.

ANALYSIS

The legislature has vested law enforcement with the authority to request a driver's license and proof of insurance. The Illinois Vehicle Code provides that a driver must carry

2

a license and exhibit it when requested by a law enforcement official. 625 ILCS 5/6-112 (West 2006). This section states that a driver "shall display such license or permit if it is in his possession upon demand made, when in uniform or displaying a badge or other sign of authority, by a *** police officer." 625 ILCS 5/6-112 (West 2006). The Illinois Vehicle Code further provides, "Any person who fails to comply with a request by a law enforcement officer for display of evidence of insurance *** shall be deemed to be operating an uninsured motor vehicle." 625 ILCS 5/3-707(b) (West 2006).

The fate of any citations under either of these provisions is unclear from the record before this court. At issue on appeal is a charge of obstructing a peace officer (720 ILCS 5/31-1 (West 2006)). On the relevant date, the Criminal Code of 1961 provided as follows:

"§31-1. Resisting or obstructing a peace officer or correctional institution employee.

(a) A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer or correctional institution employee of any authorized act within his official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1(a) (West 2006).

A person violates this provision only if he engages in conduct that "resists or obstructs" (720 ILCS 5/31-1(a) (West 2006)). This phrase has been the subject of much discussion. In *Raby*, the Illinois Supreme Court defined the terms:

" ' "Resisting" or "resistance" means "withstanding the force or effect of" or the "exertion of oneself to counteract or defeat". "Obstruct" means "to be or come in the way of". These terms are alike in that they imply some physical act or exertion. Given a reasonable and natural construction, these terms do not proscribe mere argument with a policeman about the validity of an arrest or other police action, but proscribe only some physical act which imposes an obstacle which may impede,

3

hinder, interrupt, prevent[,] or delay the performance of the officer's duties, such as going limp, forcefully resisting arrest[,] or physically aiding a third party to avoid arrest.' " *People v. Raby*, 40 Ill. 2d 392, 399, 240 N.E.2d 595, 599 (1968) (quoting *Landry v. Daley*, 280 F. Supp. 938, 959 (N.D. Ill. 1968), *rev'd on other grounds sub nom. Boyle v. Landry*, 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758 (1971)).

See *People v. Synnott*, 349 Ill. App. 3d 223, 225, 811 N.E.2d 236, 238 (2004); *People v. Meister*, 289 Ill. App. 3d 337, 341, 682 N.E.2d 306, 308 (1997); *People v. Weathington*, 82 Ill. 2d 183, 186, 411 N.E.2d 862, 863 (1980); *People v. Gibbs*, 115 Ill. App. 2d 113, 117, 253 N.E.2d 117, 119 (1969); see also *City of Chicago v. Meyer*, 44 Ill. 2d 1, 3, 253 N.E.2d 400, 401 (1969).

The emphasis on whether defendant's conduct was a physical act is misplaced. *Raby* and its progeny reveal a concern that the phrase "resists or obstructs" is not defined so broadly that it places citizens in jeopardy of an arrest for mere verbal disagreement. Whether seen as more verbal or more physical, defendant's conduct undoubtedly subjected him to arrest. The legislature resolved any ambiguity regarding the level of physicality necessary for an arrest under the Illinois Vehicle Code by providing a definition for the word "display." The Illinois Vehicle Code provides as follows:

> "For the purposes of this section, 'display' means the manual surrender of his license certificate into the hands of the demanding officer for his inspection thereof."
> 625 ILCS 5/6-112 (West 2006).

See also 625 ILCS 5/3-707 (West 2006) (operation of uninsured motor vehicle).

The authority of law enforcement officers to request identification and defendant's duty to comply are set forth in Illinois Vehicle Code. The question is whether, in light of these provisions, the failure to comply also constitutes obstructing a peace officer under the Criminal Code of 1961. This is a question of statutory construction.

4

Context can clarify. This case is distinct from instances in which a lesser-included offense for the same conduct is proscribed by another statute. See *People v. Synnott*, 349 Ill. App. 3d 223, 228, 811 N.E.2d 236, 240 (2004). The broad mandate against obstructing a peace officer in the Criminal Code of 1961 addresses varied conduct encountered by officers performing their duty to keep the peace. In contrast, the narrower language of the Illinois Vehicle Code is limited to traffic stops. The specific and tailored provisions of the Illinois Vehicle Code requiring the display of the driver's license and proof of insurance dictate their application to this vehicle stop. In the words of Justice Day: "It is a well-settled principle of construction that specific terms covering the given subject-matter will prevail over general language of the same or another statute which might otherwise prove controlling." *Kepner v. United States*, 195 U.S. 100, 125, 49 L. Ed. 114, 123, 24 S. Ct. 797, 803 (1904).

Fundamentally, the resolution of this appeal goes beyond deciding which statute should be given priority. Extending the Criminal Code of 1961 to the case at hand would not merely go beyond placing an additional level of culpability on defendant for the same conduct. Indeed, the charges of obstructing a peace officer would be inexplicable without the authority granted to law enforcement in the applicable provisions of the Illinois Vehicle Code.

In other words, the State invites a circular definition. The phrase "knowingly resists or obstructs" makes no sense in a vacuum. Any charge of obstructing a peace officer is derivative. Defendant's conduct is given meaning only in light of the context of "the performance by *** a peace officer *** of any authorized act within his official capacity." 720 ILCS 5/31-1(a) (West 2006). This, of course, begs the question–What is the "authorized act"?

In the case at hand, the request for the display of a license and proof of insurance was the authorized act. Notably, the Illinois Vehicle Code criminalizes the failure to display

5

proper documents. 625 ILCS 5/6-112 (West 2006); *People v. Steele*, 366 Ill. App. 3d 220, 223, 851 N.E.2d 920, 923 (2006). Assuming the facts presented in the police reports, we conclude that defendant was not obstructing or resisting an investigation into whether the laws of Illinois were violated; he was committing the actual offenses proscribed by the Illinois Vehicle Code. See *People v. Steele*, 366 Ill. App. 3d 220, 223, 851 N.E.2d 920, 923 (2006); see *People v. Hacker*, 388 Ill. App. 3d 346, 350, 902 N.E.2d 792, 796 (2009) (roadside safety checks may not amount to criminal investigations). The conduct prohibited by the Illinois Vehicle Code was the failure to display.

A charge of obstructing a peace officer must be premised on the officer's performance of an authorized act. In this case, defendant's conduct is the exact same criminal act prohibited by the statutes from which the premise for imposing the Criminal Code of 1961 derived. The acts alleged to be resistance and obstruction were subsumed in the provisions of the Illinois Vehicle Code. This pyramid is an unsound structure.

The police reports suggest that defendant was objecting to the requests of law enforcement as a matter of principle. The argument in the field continued through the halls of the circuit court and left a trail of paper to the appellate court. If defendant reads this court's decision as a vindication of his actions, he would be wrong. The officers were authorized to request a license and proof of insurance and, indeed, might have been derelict in their duties if they had failed to do so. The officers were authorized to arrest defendant for his failure to display the documents, and their authority continued to actions incident to the arrest, such as placing defendant in custody and towing his vehicle. Nonetheless, aside from the actual offenses of the failure to display the requested documents, defendant did not impede the performance of the duties of the officers. Defendant did not resist being taken into custody, obstruct the towing of his vehicle, or provide misleading information. He simply violated the Illinois Vehicle Code.

6

CONCLUSION

Accordingly, the order of the circuit court is hereby affirmed.

Affirmed.

WELCH, J., concurs.

JUSTICE WEXSTTEN, dissenting:

I respectfully dissent. I believe that the defendant's conduct sufficiently supported a charge of obstructing a peace officer (see *People v. Synnott*, 349 Ill. App. 3d 223, 225-28, 811 N.E.2d 236, 238-41 (2004)), and I note that, sections 6-112 and 7-602 of the Illinois Vehicle Code (625 ILCS 5/6-112, 7-602 (West 2006)) aside, police agencies are conditionally authorized to conduct roadside checkpoints such as the one conducted in the present case (see *City of Indianapolis v. Edmond*, 531 U.S. 32, 37-38, 148 L. Ed. 2d 333, 341, 121 S. Ct. 447, 452 (2000); *People v. Hacker*, 388 Ill. App. 3d 346, 350-51, 902 N.E.2d 792, 796 (2009)). I further note that "[o]ur supreme court has repeatedly held that the State's Attorney has a responsibility for evaluating the evidence and other pertinent factors in determining what offense can and should properly be charged" and that "when a defendant's act has violated more than one statute, and each statute requires different proof for conviction, even though there may be some overlapping, the defendant may be prosecuted under the statute which provides the greater penalty." *People v. Coleman*, 205 Ill. App. 3d 567, 577, 563 N.E.2d 1010, 1016 (1990).

7

NO. 5-08-0370

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Johnson County. |
| | ) |
| v. | ) No. 07-CM-94 |
| | ) |
| STEVEN BOHANNON, | ) Honorable |
| | ) Charles C. Cavaness, |
| Defendant-Appellee. | ) Judge, presiding. |

**Opinion Filed**: September 10, 2010

**Justices**: Honorable Richard P. Goldenhersh, P.J.

Honorable Thomas M. Welch, J., concurs
Honorable James M. Wexstten, J., dissenting

**Attorneys for Appellant**

Hon. Tricia Turner Shelton, State's Attorney, Johnson County Courthouse, Vienna, IL 62995; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, David Murrell, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

**Attorneys for Appellee**

Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy Defender, John H. Gleason, Assistant Appellate Defender, Office of the State Appellate Defender, 117 N. Tenth Street, Suite 300, Mt. Vernon, IL 62864