JUSTICE WEXSTTEN, dissenting: I respectfully dissent. I believe that the defendant’s conduct sufficiently supported a charge of obstructing a peace officer (see People v. Synnott, 349 Ill. App. 3d 223, 225-28, 811 N.E.2d 236, 238-41 (2004)), and I note that, sections 6 — 112 and 7 — 602 of the Illinois Vehicle Code (625 ILCS 5/6 — 112, 7 — 602 (West 2006)) aside, police agencies are conditionally authorized to conduct roadside checkpoints such as the one conducted in the present case (see City of Indianapolis v. Edmond, 531 U.S. 32, 37-38, 148 L. Ed. 2d 333, 341, 121 S. Ct. 447, 452 (2000); People v. Hacker, 388 Ill. App. 3d 346, 350-51, 902 N.E.2d 792, 796 (2009)). I further note that “[o]ur supreme court has repeatedly held that the State’s Attorney has a responsibility for evaluating the evidence and other pertinent factors in determining what offense can and should properly be charged” and that “when a defendant’s act has violated more than one statute, and each statute requires different proof for conviction, even though there may be some overlapping, the defendant may be prosecuted under the statute which provides the greater penalty.” People v. Coleman, 205 Ill. App. 3d 567, 577, 563 N.E.2d 1010, 1016 (1990).