**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220415-U

Order filed January 10, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0415 Circuit No. 21-CM-560 |
| | ) | |
| GRANDON C. MASON, | ) ) | Honorable Monique Naffah O'Toole, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1  *Held*: The evidence presented at trial was sufficient to prove the defendant's guilt beyond a reasonable doubt.

The defendant, Grandon C. Mason, appeals his conviction for resisting or obstructing a peace officer, arguing the State's evidence was insufficient to sustain his conviction.

¶ 2          I. BACKGROUND

¶ 3 The defendant was charged by superseding information with resisting or obstructing a peace officer (720 ILCS 5/31-1(a) (West 2020)). The criminal complaint alleged that the defendant knowingly resisted or obstructed the performance of Woodridge Officer Brett Kielbasa, known to the defendant as a peace officer acting in his official capacity, by refusing to place his hands behind his back after being told he was under arrest.

¶ 4 The case proceeded to trial with a six-person jury at the defendant's request. The State's sole witness, Kielbasa, testified that on the evening of April 30, 2021, he was investigating a report involving a vehicle that had fled from a traffic stop in Bolingbrook. After obtaining an address using the vehicle's registration information, Kielbasa located the vehicle as it was backing into a parking space in the parking lot of an apartment complex. Kielbasa approached the vehicle driven by the defendant, informed the defendant that he was conducting an investigation, and requested that the defendant exit the vehicle. Kielbasa testified that at the time he was wearing his badge, a police vest, and a duty belt. Kielbasa stated that although he and the two other officers accompanying him had been in an unmarked patrol vehicle when they first encountered the defendant, additional officers responded to the scene in marked police vehicles. Some officers were dressed similarly to Kielbasa, while others were wearing police uniforms.

¶ 5 Kielbasa testified that the defendant was argumentative and refused to exit the vehicle when asked. Kielbasa stated that he asked the defendant to exit his vehicle approximately 22 times. After the defendant responded that Kielbasa would have to physically remove him from his vehicle, another officer assisted Kielbasa in pulling the defendant from the vehicle. Kielbasa testified that he intended to place the defendant in handcuffs once he was outside the vehicle for safety reasons, as he did not know if the defendant would attempt to flee. Kielbasa commanded the defendant to place his hands behind his back, but the defendant pulled away and reached toward

2

his waistband. Kielbasa explained that he had safety concerns when the defendant reached for his waistband because he had previously encountered individuals carrying guns in that area. On cross-examination, Kielbasa confirmed the defendant did not have anything hidden in his waistband. Kielbasa stated that the defendant's repeated refusal to obey commands impeded his ability to arrest the defendant. Kielbasa testified that the defendant continued to physically resist, noting that a total of four officers had to restrain the defendant in order to handcuff him.

¶ 6      The video taken from Kielbasa's body camera was admitted into evidence. In the video, the defendant can be seen in the driver's seat of his vehicle as Kielbasa approached. There is no audio until a few moments after Kielbasa first made contact with the defendant, when Kielbasa can be heard asking him to step out of the vehicle. During the encounter, several additional police officers, clearly identifiable by their marked police attire, can be seen outside the vehicle. The defendant declined to exit the vehicle, stating he felt comfortable staying in his vehicle. Kielbasa repeated his request for the defendant to step out of the vehicle and explained that the defendant fled a traffic stop in Bolingbrook. The defendant denied the allegation, and Kielbasa continued to ask the defendant to exit the vehicle while the defendant continued to refuse to comply. Kielbasa told the defendant twice he was giving him a lawful order to exit the vehicle, and the defendant responded by suggesting Kielbasa get back into his vehicle. Kielbasa asked the defendant if he wanted to be pulled from the vehicle and repeated that his request to step out of the vehicle was a lawful order. The defendant told Kielbasa he would have to physically put his hands on him to remove him from the vehicle. Kielbasa then reached through the partially open window to open the defendant's door. Another officer grabbed the defendant by the arm and pulled him out of the vehicle. Kielbasa can then be heard ordering the defendant to put his hands behind his back.

¶ 7		At this point, the body camera footage becomes shaky and is mostly obscured as a struggle appears to ensue. Kielbasa can be heard commanding the defendant to stop reaching and telling another officer that the defendant was reaching for something in his waistband. Kielbasa repeated that the defendant was reaching for something, ordered the defendant to stop pulling away, and informed him that he was under arrest. The defendant yelled that he was not pulling away and handcuffs can be seen and heard clicking into place. Based on the time stamps in the video, the entire encounter, beginning with Kielbasa approaching the vehicle and ending with the defendant restrained in handcuffs, lasted two minutes and 45 seconds. Less than a minute elapsed between when the defendant was pulled from his vehicle to when he was handcuffed.

¶ 8		The defendant did not testify or present any evidence. At the close of trial, the jury found the defendant guilty, and he was sentenced to one year of conditional discharge. The defendant appealed.

¶ 9								II. ANALYSIS

¶ 10		On appeal, the defendant argues that the evidence at trial was insufficient to find him guilty beyond a reasonable doubt of resisting or obstructing a peace officer. Specifically, the defendant contends the State failed to prove that he knowingly resisted or obstructed Kielbasa by refusing to place his hands behind his back after being told he was under arrest. In reviewing the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Baskerville*, 2012 IL 111056, ¶ 31. A conviction will only be reversed if the evidence is so improbable or unsatisfactory that it leaves reasonable doubt regarding the defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985).

¶ 11     Under section 31-1(a) of the Criminal Code of 2012, the State was required to prove that the defendant knowingly resisted or obstructed someone the defendant knew to be a peace officer while the officer was performing an authorized act in his official capacity. 720 ILCS 5/31-1(a) (West 2020). Although the statute does not delineate the specific types of conduct that constitute resisting or obstructing, "[t]he legislative focus of section 31-1(a) is on the tendency of the conduct to interpose an obstacle that impedes or hinders the officer in the performance of his authorized duties. That inquiry is for the trier of fact, based upon the facts and circumstances of each case." *Baskerville*, 2012 IL 111056, ¶ 23. Additionally, the defendant's actions must amount to a material impediment that actually interferes with the officer's performance. *People v. Mehta*, 2020 IL App (3d) 180020, ¶¶ 21-23. Conduct that momentarily impedes or hinders an officer's authorized act may be so minimal as to not violate the statute. *Id.* ¶ 21.

¶ 12     In determining whether a defendant has materially resisted or obstructed the authorized act of an officer, the duration of delay or brevity of any impediment is a significant factor. *Id.* ¶ 31. Additionally, the nature of the defendant's conduct and the authorized act being resisted or obstructed is also relevant. *Id.* ¶ 34. Conduct that creates or exacerbates officer safety concerns, even momentarily, can still be considered a material impediment. *Id.*; *People v. Synnott*, 349 Ill. App. 3d 223, 228 (2004) ("It seems clear that any behavior that actually threatens an officer's safety or even places an officer in fear for his or her safety is a significant impediment to the officer's performance of his or her duties.").

¶ 13     The defendant argues that because he was handcuffed mere seconds after being informed that he was under arrest, his refusal to place his hands behind his back was so transient that it did not materially impede or hinder Kielbasa's performance. However, the defendant's conduct exacerbated officer safety concerns that were already elevated because the defendant had been

stopped for fleeing the police. Despite the relatively brief delay the defendant's behavior created, the defendant materially opposed Kielbasa's efforts to place him under arrest by repeatedly refusing to obey Kielbasa's commands and physically resisting to the extent that multiple officers had to assist in restraining him. See *People v. Agnew-Downs*, 404 Ill. App. 3d 218, 230 (2010) (the evidence supported a conviction for resisting a peace officer, in part, where additional officers were needed to assist in handcuffing a defendant that physically resisted arrest). The defendant further escalated the concern for officer safety by reaching toward his waistband in a manner that suggested he may have been concealing a weapon. Therefore, we find that the evidence presented at trial was sufficient for the jury to find the defendant guilty beyond a reasonable doubt of resisting or obstructing a peace officer.

¶ 14                                    III. CONCLUSION

¶ 15        The judgment of the circuit court of Du Page County is affirmed.

¶ 16        Affirmed.