**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250340-U

Order filed March 17, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0340 Circuit No. 24-DT-481 |
| | ) | |
| JAMIE L. TARWATER, | ) ) | Honorable Donald W. DeWilkins, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Hettel and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The administrative regulation listing approved instruments for obtaining breath analysis readings was not ambiguous. Reversed and remanded.

¶ 2      The State appeals from an order suppressing the breath analysis test results of defendant, Jamie L. Tarwater. The State argues the court erred in determining the device used to administer the test was not an approved evidentiary instrument based on an alleged ambiguity in the administrative regulations. We reverse and remand.

## I. BACKGROUND

¶ 4      Defendant was arrested and charged with two counts of driving while under the influence of alcohol (625 ILCS 5/11-501(a)(1), (2) (West 2024)). Following her arrest, defendant was transported to the Lockport Police Department, where she submitted to a breath analysis test using an Intoximeter EC/IR-II with a serial number of 8474. Defendant filed a motion *in limine* to suppress the results of her breath analysis test, arguing the test was administered using an "outdated and/or discarded" device based on its serial number. Defendant asserted that because the device used did not have a serial number of 10001 or above, it was not an approved device under section 1286.210(a) of Title 20 of the Illinois Administrative Code (Administrative Code), which states:

> "(a) The Department [Illinois Department of State Police] shall only approve evidentiary instruments enumerated in NHTSA [National Highway Traffic Safety Administration]'s list. The Department approves the following instruments for obtaining breath analysis readings:
>
> > 1) RBT IV, in conjunction with a printer, manufactured by Intoximeters, Inc., may be used until August 1, 2022, at which time the Intoximeters RBT IV will no longer be approved for use in Illinois.
> >
> > 2) Intoximeters EC/IR II, manufactured by Intoximeters, Inc.
> >
> > 3) Intoximeters EC/IR II, with serial numbers 10001 and above, manufactured by Intoximeters, Inc.
> >
> > 4) Alco-Sensor VXL, in conjunction with a printer, manufactured by Intoximeters, Inc." 20 Ill. Adm. Code 1286.210(a) (2022).

¶ 5      At a hearing on the motion, defendant argued section 1286.210(a) was ambiguous because subsections (a)(2) and (a)(3) both listed Intoximeters EC/IR II as an approved instrument. Citing

*People v. Bohannon*, 403 Ill. App. 3d 1074, 1077 (2010), defendant asserted that in applying the rules of statutory construction to resolve this ambiguity, only results from Intoximeters EC/IR II models with serial numbers 10001 and above were admissible because the language of subsection (a)(3) was more specific than the general language of subsection (a)(2). Defendant further contended that based on this ambiguity, the conflicting provisions should be construed in her favor pursuant to the doctrine of lenity.

¶ 6     The State countered that the challenged regulation was not ambiguous for two reasons. First, the State argued the legislature could have removed section 1286.210(a)(2) of Title 20 of the Administrative Code had it intended to no longer include lower serial numbers of the Intoximeter EC/IR II. It pointed to recent revisions where other approved models had been removed from the list. Second, the State asserted subsections (a)(2) and (a)(3) were properly listed in accordance with the NHTSA's list of approved evidentiary breath measurement devices, which included both "Intoximeters EC/IR II" and "Intoximeters EC/IR II with serial numbers 10001 and above." The State explained the NHTSA's list demonstrated that "Intoximeters EC/IR II with serial numbers 10001 and above" were designated separately as enhanced models. Based on this designation, subsection (a)(2) referred to Intoximeters EC/IR II with serial numbers under 10001. The court questioned the relevance of the NHTSA, stating it had no authority in Illinois.

¶ 7     In granting defendant's motion to suppress, the court determined section 1286.210(a) of Title 20 of the Administrative Code was ambiguous and concluded subsection (a)(2) was a general term and subsection (a)(3) was a specific term. Applying the rule from *Bohannon* and the doctrine of lenity, the court held any model of Intoximeter with a serial number below 10001 is inadmissible. The State filed a certificate of substantial impairment. This appeal followed.

¶ 8                                    II. ANALYSIS

3

¶ 9        On appeal, the State argues the circuit court's interpretation of section 1286.210(a) of Title 20 of the Administrative Code was erroneous. The State contends the list of approved evidentiary instruments under this section is not ambiguous and explicitly includes the machine used to conduct defendant's breath test. Defendant has made no response.

¶ 10       Administrative regulations have the force and effect of law and must be construed using the same principles that govern statutory construction. *People v. Bonutti*, 212 Ill. 2d. 182, 188 (2004). When interpreting a regulation, the primary objective is to ascertain and give effect to the legislature's intent. *People v. Hanna*, 207 Ill. 2d 486, 497 (2003). The language of regulation, when given its plain and ordinary meaning, is the best indicator of regulatory intent. *People v. Carpenter*, 385 Ill. App. 3d 156, 160-61 (2008). Words and phrases should be construed in consideration of other relevant statutory provisions, and no part of the statute should be considered superfluous or meaningless. *People v. Jackson*, 2011 IL 110615, ¶ 12. Whether the circuit court properly interpreted the applicable statutory provisions in granting a defendant's motion *in limine* is a question of law subject to *de novo* review. *People v. Patel*, 2020 IL App (2d) 190532, ¶ 22.

¶ 11       Here, section 1286.210(a) of Title 20 of the Administrative Code explicitly states the approved evidentiary instruments listed are derived from the NHTSA's list of authorized devices. See 20 Ill. Adm. Code 1286.210(a) (2022). The NHTSA list includes both Intoximeters EC/IR II and Intoximeters EC/IR II with serial number 10000 or higher as qualified devices, distinguishing the latter as an enhanced model. See Highway Safety Programs; Conforming Products List of Evidential Breath Measurement Devices, 82 Fed. Reg. 50940, 50942 (Nov. 2, 2017). The language of subsection (a)(2), when construed according to its plain and ordinary meaning, indicates all Intoximeter EC/IR II machines are approved breath analysis devices, regardless of serial number. *Id.* § 1286.210(a)(2). As no part of a statute should be considered meaningless or superfluous,

4

reading subsection (a)(3) as a specific controlling provision that negates subsection (a)(2) is an improper interpretation of the statute. Accordingly, the inclusion of both types of devices under section 1286.210(a) of Title 20 of the Administrative Code is not ambiguous, as it is clearly consistent with the separate Intoximeter EC/IR II designations contained in the NHTSA's list.

¶ 12    Because the plain language of section 1286.210(a) of Title 20 of the Administrative Code is unambiguous, we need not apply the rule of lenity or resort to other aids of construction. See *People v. Carlson*, 2023 IL App (2d) 210782, ¶ 18 (rule of lenity applies only in the face of "grievous ambiguities"). Accordingly, the court erred in finding Intoximeters EC/IR II with serial numbers under 10001 were not approved devices under section 1286.210(a) of Title 20 of the Administrative Code. As a result, the court's determination that defendant's breath test results were inadmissible cannot stand. See *Carpenter*, 385 Ill. App. 3d at 159, 161 (reversing judgment granting defendant's motion *in limine* to suppress breath test results where the circuit court erred in determining the breath analysis device used was not an approved instrument under section 1286.210 of Title 20 of the Administrative Code). We therefore reverse the decision of the court suppressing defendant's breath test results and remand for further proceedings.

¶ 13                                III. CONCLUSION

¶ 14    For the reasons stated, we reverse and remand the judgment of the circuit court of Will County.

¶ 15    Reversed and remanded.