2016 IL App (4th) 140455
NO. 4-14-0455

**FILED**
August 3, 2016
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CLEOFAS AGUIRRE-ALARCON, | ) | No. 12CF795 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Daniel Drazewski, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion. Presiding Justice Knecht and Justice Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        In August 2012, the State charged defendant, Cleofas Aguirre-Alarcon, by information with aggravated domestic battery (count I) (720 ILCS 5/12-3.3(a-5) (West 2010)), domestic battery (count II) (720 ILCS 5/12-3.2(a)(2) (West 2010)), and interfering with the reporting of domestic violence (count III) (720 ILCS 5/12-3.5(a) (West 2010)). Following a grand jury indictment, a fourth count of unlawful restraint (720 ILCS 5/10-3 (West 2010)) was added.

¶ 2        In November 2013, following a bench trial, the trial court found defendant guilty of counts I through III but not guilty of count IV. In February 2014, the court sentenced defendant to 24 months' probation with 180 days' imprisonment. In its supplemental sentencing order, the court imposed a public-defender-reimbursement fee.

¶ 3 Defendant appeals, arguing the trial court erred by imposing a public-defender-reimbursement fee without notice or a hearing on his ability to pay. We vacate the court's order.

¶ 4                                          I. BACKGROUND

¶ 5 In November 2013, following a bench trial, the trial court found defendant guilty of aggravated domestic battery, domestic battery, and interfering with the reporting of domestic violence.

¶ 6 During defendant's February 2014 sentencing hearing, the State presented to the trial court a joint recommendation reached with defense counsel. Pursuant to the recommendation, defendant was to be sentenced to 24 months' probation and 180 days' imprisonment. The recommendation also required payment of mandatory fines and costs: a domestic-violence fine and a domestic-battery fine. Following defense counsel's confirmation of the accuracy of the assistant State's Attorney's representation, the trial court accepted the proposed sentence. During the recitation of the joint recommendation, no mention of a public-defender-reimbursement fee was made. In pronouncing defendant's sentence, the court failed to mention a public-defender-reimbursement fee. However, the supplemental sentencing order entered during the sentencing hearing assessed a $200 public-defender-reimbursement fee. Subsequent to his sentencing, defendant filed a motion to reconsider his sentence with no mention of the public-defender-reimbursement fee. 725 ILCS 5/113-3.1(a) (West 2010). In April 2014, the court entered a denial of the motion to reconsider.

¶ 7 This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9            On appeal, defendant argues the trial court erred in ordering him to pay the public-defender-reimbursement fee. In particular, defendant argues the court did not give him notice or hold a hearing to assess his ability to pay the fee, as was required by section 113-3.1(a) of the Code of Criminal Procedure of 1963 (Code) (*id.*). The State concedes error but argues the court's inclusion of the public-defender-reimbursement fee in the supplemental sentencing order demonstrated the court's intent to impose the fee. Thus, the State asserts the proper remedy is to vacate the fee and remand for a hearing on defendant's ability to pay. Defendant takes the position that remand is not appropriate because the court failed to hold a hearing as required by statute. Whether the court properly imposed the public-defender-reimbursement fee is a question of law, which we review *de novo*. *People v. Price*, 375 Ill. App. 3d 684, 697, 873 N.E.2d 453, 465 (2007).

¶ 10           The first issue we must address is whether the trial court erred in assessing the public-defender-reimbursement fee. If the court did err, we must determine if the fee is to be vacated with a remand for a proper hearing or vacated outright. Although defendant did not object to the public-defender-reimbursement fee at sentencing or include this issue in a posttrial motion, this court will consider this issue. Here, the statutory procedural safeguards contained within section 113-3.1(a) of the Code were not followed, making the application of forfeiture inappropriate. See *People v. Washington*, 297 Ill. App. 3d 790, 795, 697 N.E.2d 1241, 1245 (1988).

¶ 11           Section 113-3.1(a) of the Code provides the following:

                "Whenever under either Section 113-3 of this Code or Rule 607 of the Illinois

                Supreme Court the court appoints counsel to represent a defendant, the court may

order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. *In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties.* Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." (Emphasis added.) 725 ILCS 5/113-3.1(a) (West 2010).

¶ 12　Before ordering a defendant to pay reimbursement for appointed counsel, the trial court must conduct a hearing into the defendant's financial circumstances and ability to pay. *People v. Love*, 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997). Prior to the required hearing, the defendant must be given notice that he will have an opportunity to present evidence concerning his ability to pay and any other relevant circumstances. *People v. Roberson*, 335 Ill. App. 3d 798, 803-04, 780 N.E.2d 1144, 1148 (2002). The hearing must focus on the foreseeable ability of the defendant to pay reimbursement and the costs of the representation provided. *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38.

¶ 13　In this case, the record is devoid of any indication the trial court conducted a hearing or gave defendant notice as required under section 113-3.1(a). Instead, it appears the court, *sua sponte*, included the fee in the supplemental sentencing order. Given defendant was deprived of notice and the opportunity to be heard and present evidence regarding his foreseeable ability to pay, the fee must be vacated. Thus, we accept the State's concession and vacate the public-defender-reimbursement fee.

¶ 14    We are now left to determine whether it is appropriate to remand this matter for a proper hearing or whether the nature of the proceedings below requires outright vacatur of the fee. Although not cited by either party, we find the case of *People v. Somers*, 2013 IL 114054, 984 N.E.2d 471, instructive. In *Somers*, the Illinois Supreme Court found that when the trial court, before assessing a public-defender-reimbursement fee, inquired as to the defendant's ability to find work, his willingness to use money he might earn to pay his fines, and whether the defendant was physically able to work, the trial court had conducted "some sort of a hearing" within the statutorily required 90-day time period. *Id.* ¶ 15. The supreme court held the hearing, although insufficient to satisfy the requirement of consideration of certain matters contained within the statute, did constitute a hearing which took place "no later than 90 days after entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2010); see *Somers*, 2013 IL 114054, ¶ 17, 984 N.E.2d 471. Therefore, the matter was remanded for a proper hearing. *Id.* ¶ 18. While not factually identical, *Somers* is helpful because it provides guidance in determining whether a hearing occurred at all in this case.

¶ 15    Following *Somers*, our courts have issued multiple opinions interpreting what the Illinois Supreme Court meant when it referenced "some sort of a hearing." In *People v. Williams*, 2013 IL App (2d) 120094, ¶ 20, 1 N.E.3d 1270, the trial court noted the involvement of the public defender's office and subsequently imposed a public-defender-reimbursement fee. The Second District held the imposition of the fee in open court was "some sort of a hearing" because the fee was imposed during "a judicial session open to the public, held to resolve defendant's representation by the public defender." *Id.* Conversely, in *People v. Daniels*, 2015 IL App (2d) 130517, ¶ 29, 28 N.E.3d 216, where the public-defender-reimbursement fee was imposed by a written order sometime after the sentencing hearing, the appellate court held, when there is "no

reference to the public defender or to its intent to impose the fee," a hearing has not taken place. In *People v. Moore*, 2015 IL App (1st) 141451, ¶ 41, 45 N.E.3d 696, when considering the imposition of a public-defender-reimbursement fee in response to the State mentioning its request for such fees, the appellate court held that asking defense counsel how many times he had appeared in the matter and then imposing a $150 public-defender-reimbursement fee did not constitute "some sort of a hearing." The reviewing court noted, when there is an absence of any "inquiry, however slight, into the issue of the defendant's ability to pay the public[-]defender fee, the defendant's financial circumstances and his foreseeable ability to pay or the defendant's financial affidavit," a hearing as articulated in *Somers* has not occurred. *Id.* ¶ 41. *People v. Castillo*, 2016 IL App (2d), 140529 ¶ 14, 51 N.E.3d 1043, followed *Moore* and rejected *Williams* when it held, " 'some sort of a hearing' requires an '*inquiry*, however slight, into the issue of the defendant's ability to pay the public[-]defender fee' " (emphasis added) (quoting *Moore*, 2015 IL App (1st) 141451 ¶ 41, 45 N.E.3d 696). Thus, defense counsel's representations regarding the time expended by the public defender's office and counsel's confirmation the public defender's office was asking for fees was not an inquiry, however slight, into the defendant's ability to pay. *Id.* In the context of the previously mentioned precedent, we look at the facts of this case.

¶ 16         Here, the record reveals that following the calling of the matter for sentencing, the parties represented they wished to offer a joint sentencing recommendation. While reciting the joint recommendation, the assistant State's Attorney indicated there would be mandatory fines and costs: specifically, a $200 domestic-violence fine and a $10 domestic-battery fine. However, the assistant State's Attorney made no mention of a public-defender-reimbursement fee. Thereafter, in pronouncing defendant's sentence, the trial court stated:

"Let me indicate I will concur with the sentence that is suggested and

recommended by counsel, finding it to be fair and appropriate with regard to the defendant's previous criminal history which the court is aware of in all other matters that the court ought to consider with respect to the defendant's history; whether it be social, educational, family, employment, et cetera, that's contained in the [presentence investigation report]. And in addition, then, the joint recommendation being made to the court by counsel would also appear to be appropriate, having considered the factors in aggravation and mitigation as outlined by the Code of Criminal Procedure; that those factors, all being taken into consideration, would appear to be an appropriate sentence to be imposed, based upon counsel's suggestion.

Let me enter the orders and then admonish the defendant. All right. The court having reviewed the order for confinement, the order for probation, and the supplemental sentencing order, and then having entered those orders upon review, will now proceed with admonishing the defendant with respect to his appeal right."

The signed supplemental sentencing order contains a $200 public-defender-reimbursement fee.

¶ 17    Here, it appears the trial court, *sua sponte*, included the public-defender-reimbursement fee in the supplemental sentencing order. The State argues this tended to show the "trial court was seeking the fee." *People v. Gutierrez*, 2012 IL 111590, ¶ 22, 962 N.E.2d 437. The court, however, failed to provide defendant with notice or an opportunity to be heard. Additionally absent in the record is any indication the court conducted "some sort of a hearing" during which it considered, in any manner, the costs of representation, defendant's financial circumstances, and the foreseeable ability of the defendant to pay. To the contrary, it appears the

court imposed the public-defender fee without the knowledge of the parties. The language of the statute is clear: "Such hearing shall be conducted *** no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2010). Here, defendant was not merely provided an inadequate hearing; he was not provided a hearing in the first instance. As a result, we vacate the public-defender-reimbursement fee outright.

¶ 18　　　　　　Finally, we note our awareness of this court's decision in *People v. Somers*, 2012 IL App (4th) 110180, 970 N.E.2d 606, where we found it appropriate to remand for a hearing to determine if defendant could pay a $200 public-defender-reimbursement fee, despite the trial court's failure to hold a hearing or mention the public-defender-reimbursement fee. In reaching our decision in *Somers*, this court did not have the benefit of the recent case law previously discussed. A careful review of the facts in this matter and existing case law has led us to this result.

¶ 19　　　　　　　　　　　　　　　III. CONCLUSION

¶ 20　　　　　　For the foregoing reasons, we vacate outright the trial court's imposition of the public-defender-reimbursement fee.

¶ 21　　　　　　Order vacated.