NOTICE

Decision filed 08/24/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 160455-UB

NO. 5-16-0455

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 16-CF-141 |
| | ) | |
| RICHARD L. GORDON, | ) | Honorable |
| | ) | M. Don Sheafor Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*: The State presented insufficient evidence to convict the defendant of obstructing justice where the State failed to prove that the defendant furnishing false information to the police materially impeded his apprehension; the case is remanded for further proceedings without offending double jeopardy principles where the supreme court's decision in *People v. Casler*, 2020 IL 125117, changed the law posttrial by requiring the State to prove material impediment and the State had no reason to present evidence of material impediment prior to the change in the law.

¶ 2   After a jury trial, the defendant, Richard L. Gordon, was convicted of obstructing justice in violation of section 31-4(a)(1) of the Criminal Code of 2012 (720 ILCS 5/31-4(a)(1) (West 2016)), for providing police officers with false information, *i.e.*, a false name and date of birth when he was asked to identify himself. The defendant appealed his

1

conviction and argued, among other issues, that the State presented insufficient evidence of his guilt because the State failed to prove that his furnishing false information materially impeded the ability of the police to apprehend him. In the defendant's direct appeal from his conviction, we affirmed his conviction, holding that a conviction of obstructing justice did not require proof that the defendant's conduct resulted in material impediment to the administration of justice. *People v. Gordon*, 2019 IL App (5th) 160455, ¶ 27. On January 27, 2021, the supreme court, in the exercise of its supervisory authority, directed us to vacate our judgment affirming the defendant's conviction and "consider the effect of [the supreme court's] opinion in *People v. Casler*, 2020 IL 125117, on the issue of whether the evidence was sufficient to support defendant's conviction for obstructing justice, and determine if a different result is warranted." *People v. Gordon*, No. 125537 (2021) (supervisory order). For the following reasons, after considering the supreme court's opinion in *Casler*, we conclude that a different result is warranted. We reverse the defendant's conviction for obstruction of justice and remand for further proceedings.

¶ 3                                   BACKGROUND

¶ 4      In the evening on June 21, 2016, a deputy with the Fayette County sheriff's office conducted a traffic stop of a vehicle driven by the defendant. The defendant told the officer that he did not have his driver's license with him, that his name was Bryan Lynn Watson, and that his date of birth was June 9, 1971. The officer and the county's dispatcher both ran the defendant's name and date of birth through their respective computer databases, which yielded no person with the name and date of birth given by the defendant. The officer then conducted a pat-down search of the defendant and recovered a wallet from the

2

defendant's pocket. The wallet contained an Illinois identification card bearing the defendant's real name, Richard Gordon. The officer ran the defendant's real name through the database and determined that the defendant had an outstanding warrant and a revoked driver's license. The officer placed the defendant under arrest, and the State charged the defendant with multiple offenses stemming from the traffic stop including obstructing justice, which is the only offense at issue in this appeal.

¶ 5    The statute creating the offense of obstructing justice for furnishing false information provides that a "person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he *** knowingly *** furnishes false information." 720 ILCS 5/31-4(a)(1) (West 2016). At the defendant's trial, the circuit court instructed the jury to find the defendant guilty of obstructing justice if it found that the defendant knowingly furnished false information and that the defendant did so with the intent to prevent his apprehension. The circuit court did not instruct the jury that, before finding the defendant guilty, it must also find that the defendant's false information materially impeded his apprehension.

¶ 6    In his direct appeal from his conviction, the defendant argued that the State presented insufficient evidence to prove him guilty of obstructing justice because the State had failed to prove that his conduct of providing a false identification to the police materially impeded his apprehension. We disagreed with the defendant's argument, held that the State was not required to prove that the defendant materially impeded his apprehension, and affirmed the defendant's conviction. *Gordon*, 2019 IL App (5th) 160455, ¶ 27. In the exercise of its supervisory authority, the supreme court has now

directed us to vacate our judgment affirming the defendant's conviction and reconsider the sufficiency of the evidence in light of *Casler*, 2020 IL 125117.

¶ 7                                                  ANALYSIS

¶ 8      Prior to *Casler*, there was a split among the appellate court districts concerning whether a finding of "material impediment" was necessary to sustain a conviction for obstructing justice. *Id*. ¶¶ 43-53. The *Casler* court resolved this split of authority by holding that a conviction of obstructing justice under section 31-4(a)(1) "unequivocally" requires proof of material impediment. *Id*. ¶¶ 61, 69.

¶ 9      Similar to the defendant in the present case, the defendant in *Casler* had outstanding warrants and gave the police a false name when he was asked to identify himself, which the officers quickly realized was a false name. *Id*. ¶¶ 6-10. A jury convicted the defendant of obstructing justice for providing the false information with the intent of avoiding arrest on the outstanding warrants. *Id*. ¶¶ 3, 15-17, 62. The *Casler* court, however, reversed the defendant's conviction because the circuit court did not instruct the jury that, before convicting the defendant of obstructing justice, it must find that the defendant's conduct had "materially impeded the administration of justice." *Id*. ¶ 62.

¶ 10     The relevant facts of the present case are nearly identical to the facts in *Casler*. Here, the defendant had an outstanding warrant for his arrest, the defendant gave the police a false name and date of birth when the police asked the defendant to identify himself, and the police quickly determined that the identification information that the defendant gave them was false. Also similar to *Casler*, the jury that convicted the defendant of obstructing justice was never instructed to determine whether the defendant's false information

4

materially impeded his apprehension. Accordingly, based on the supreme court's holding in *Casler*, we are obligated to reverse the defendant's conviction for obstructing justice.

¶ 11     In its supplemental brief, the State agrees that the defendant's conviction for obstructing justice must be reversed in light of the supreme court's *Casler* opinion. The State, however, argues that, instead of reversing the conviction outright, this court should remand this case to the circuit court for further proceedings on the obstructing justice charge. The defendant argues against a remand for further proceedings.

¶ 12     In *Casler*, after holding that the defendant's conviction must be reversed, the supreme court addressed the proper remedy in light of the double jeopardy protections in the fifth amendment to the United States Constitution and the Illinois Constitution. *Id.* ¶¶ 55-56. In remanding that case for further proceedings, the *Casler* court held that its decision in that case constituted a posttrial change in the law. The *Casler* court further held that "a second trial is permitted when a conviction is reversed because of a posttrial change in law." *Id.* ¶ 57.

¶ 13     In *Casler*, the supreme court concluded that "the State had no reason to introduce evidence regarding a material impediment requirement because, at the time of trial, [the supreme court] had not yet held that the government was required to prove that element with regard to the furnishing of false information." *Id.* ¶ 65. Therefore, the *Casler* court concluded, the State's failure to present evidence of a material impediment was "more akin to trial error than to the sufficiency of the evidence." *Id.* ¶ 66. The *Casler* court noted that "[t]he double jeopardy clause does not preclude retrial of a defendant whose conviction is overturned because of an error in the trial proceedings leading to the conviction." *Id.* ¶ 57.

5

Instead, "where a reviewing court determines that the evidence presented at trial has been rendered insufficient only by a posttrial change in the law, double jeopardy concerns do not preclude the government from retrying the defendant." *Id*. ¶ 66.

¶ 14    Because its ruling in *Casler* constituted a posttrial change in the law, the supreme court in *Casler* remanded that case for further proceedings. In the present case, like *Casler*, the State had no reason to present evidence of material impediment at the defendant's trial; per *Casler*, material impediment was not an element of the offense at the time of the defendant's trial.

¶ 15    In his supplemental brief, the defendant suggests that the supreme court's remand in *Casler* was "questionable." However, we have no authority to reject the supreme court's express holding in *Casler*. "Once our supreme court has declared the law with respect to an issue, this court must follow that law, as only the supreme court has authority to overrule or modify its own decisions." *John Crane, Inc. v. Admiral Insurance Co.*, 2013 IL App (1st) 093240-B, ¶ 69. The supreme court in *Casler* remanded the proceeding in that case because the State had no reason to present evidence of material impediment at the defendant's trial. The supreme court expressly stated that its decision in *Casler* changed the law posttrial and, therefore, a retrial did not violate the defendant's double jeopardy rights. The supreme court's decision in *Casler* was a posttrial change in the law not only for the defendant in *Casler*, but also for the defendant in the present case. Therefore, we reject the defendant's request to ignore the supreme court's analysis set out in *Casler* which establishes that a remand for further proceedings is the proper remedy in this appeal.

¶ 16                        CONCLUSION

¶ 17    For the foregoing reasons, we reverse the judgment of the circuit court and remand

for further proceedings.


¶ 18    Reversed and remanded.